UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY MEREDITH** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-2384** |
| **JOHN NOWAK/WARDEN &** | **SECTION: "F"(4)** |
| **UNKNOWN IDENTITIES** | |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (Rec. Doc. No. 4)** filed by the defendant, Warden John Nowak, who seeks dismissal of the plaintiff's complaint pursuant to Title 42 U.S.C. § 1997e(a) for failure to exhaust available prison administrative remedies prior to filing this suit.

This  matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)** and **§ 1915(e)(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the record, the Court has determined that the motion can be disposed of without an Evidentiary Hearing.

I.      **<u>Factual Summary</u>**

The plaintiff, Henry Meredith ("Meredith"), is a federal inmate currently housed in the Federal Correctional Institute in Oakdale, Louisiana.  Meredith filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Warden John Nowak and other unidentified defendants challenging the conditions of his prior confinement in the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana.

Meredith alleges that he has been confined to a wheelchair for nine years because he is paralyzed from the waist down.  He claims that, on October 29, 2005, he was sent to NCCC in St. Charles Parish as a result of Hurricanes Katrina and Rita.  While there, he was housed in a 5' x 7' isolation cell.  He claims that he was unable to leave his cell for 23 hours per day.  He also complains that he did not have access to a handicap toilet or shower.

Meredith further states that he was denied library access, religious activities, and recreational activities at NCCC.  He also indicates that the prison did not have means for him to perform physical therapy or bars to assist in getting in and out of bed.  He further claims that the mattress was substandard and aggravated his pressure sores.  Meredith also states that the medical unit gave him antibiotic ointment which was of little relief.

Meredith alleges that the NCCC staff advised the Bureau of Prisons and the United States Marshal's Service that the prison could not accommodate a disabled prisoner.  He further alleges that the medical staff also advised the prison administration that they were not equipped to care for his needs, including the care and cleaning of his catheter.

Meredith also alleges that he requested a transfer to a prison that could accommodate his medical needs to no avail. He states that he received his federal sentence on November 9, 2005, and remained in NCCC for an additional three weeks.

He contends that these conditions amounted to punishment and deliberate indifference in violation of the Constitution and the Americans With Disabilities Act. Meredith therefore seeks compensatory damages against the Warden and unknown individuals, punitive damages and a trial by jury. He also seeks the award of attorneys fees and costs, although he is acting *pro se*.

## II.     Standard of Review

Under Rule 12(b)(1) and (6), the court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Penn. Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). Further,

the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less

stringent standards, look beyond the inmate's formal complaint and consider material subsequently

filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also*

*Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses  [in the prison
> systems] in order to ensure that prisoner complaints, particularly pro se complaints,
> are not dismissed prematurely, however unlikely the set of facts postulated.  An
> opportunity should be provided the prisoner to develop his case at least to the point
> where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106

(1976).

Finally, while conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions

are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242,

246 (5th Cir. 1997).

## III.    Exhaustion of Administrative Remedies

### A.      Arguments of the Parties

The defendant contends that Meredith failed to exhaust the administrative remedy process

available through the United States Bureau of Prisons before he filed his suit.  The defendant argues

that Meredith admits he did not exhaust and has failed to explain why he failed to do so.  Therefore,

the defendant suggests that the Court dismiss the complaint pursuant to Title 42 U.S.C. § 1997e.

In his opposition, Meredith contends that he requested grievances from the guards at NCCC

to no avail.  In his complaint, he also wrote the following:  "At St. Charles parish prison they would

not let me file a grievance . . . I asked to file a grievance, was denied."  Thus, Meredith contends that

his failure to exhaust should be excused because no such remedies were made available to him at

NCCC.  He also suggests, alternatively, that exhaustion would be futile at this time.

      **B.**      <u>**Analysis**</u>

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996

("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under

section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."  The United States Supreme Court has held

that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002).  Therefore, by its very terms, the PLRA

applies to the § 1983 claims raised by Meredith.

"'Dismissal under §1997e is made on pleadings without proof.'" *Days v. Johnson*, 322 F.3d

863, 866 (5th Cir. 2003) (quoting *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

According to the Fifth Circuit, "'[a]s long as the plaintiff has alleged exhaustion with sufficient

specificity, lack of admissible evidence in the record does not form the basis for dismissal.'" *Id*. at

866 (quoting *Underwood*, 151 F.3d at 296).  However, the Court has also held that the plaintiff must

be given an opportunity to establish exhaustion before a *sua sponte* dismissal is entered.  *See Hines*

*v. Texas*, 76 Fed. Appx. 564, 2003 WL 22228457 (5th Cir., Sept. 29, 2003).  Exhaustion in this case

has been raised by the defendants.

The relief sought in the instant motion is conclusory at best.  The defendant has not offered

any argument or exhibits in support of his suggestion that Meredith has failed to exhaust available

remedies, with the emphasis on "available." The defendant has not provided an affidavit or other exhibit setting forth the NCCC grievance procedure or proof that such a procedure exists.

The movant also assumes that Meredith should have utilized the grievance process of the Bureau of Prisons. The motion fails to outline or support the suggestion that Meredith's claims against Warden Nowak and the unidentified NCCC personnel were the business of the Bureau of Prisons or subject to its administrative procedures.

Furthermore, Meredith indicated in his complaint and in his opposition that he attempted to utilize a grievance process at NCCC. However, he claims he was met with laughter from the guards and denied access to any such forms or process. Defendant has failed in this motion to indicate what obligation Meredith had to further pursue administrative remedies where no such process was made available to him at NCCC.

For these reasons, the defendant has failed to demonstrate that Meredith in fact failed to exhaust an "available" administrative remedy process or that he, as the movant, is entitled to judgment on the pleadings on this issue. The motion should be denied on the showing made to the extent it seeks dismissal for failure to exhaust.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that the **Motion to Dismiss, or, in the Alternative Motion for Judgment on the Pleadings ( Rec. Doc. No. 4)** filed by the defendant, Warden Nowak, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____27th_____ day of _____September_____, 2006.


_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**