UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HENRY MEREDITH** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-2384** |
| **JOHN NOWAK/WARDEN &** | **MAGISTRATE JUDGE** |
| **UNKNOWN IDENTITIES** | **KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Complaint for Failure to State a Claim on Which Relief may be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, Motion for Summary Judgment (Rec. Doc. No. 36)**, filed by the defendant, Warden John Nowak. The Warden seeks dismissal of the plaintiff's claims alleging that the plaintiff can not recover against the Warden for alleged violations of the Americans With Disabilities Act and because he has failed to state a compensable claim under the Eighth Amendment arising out of the conditions of confinement.  The plaintiff has not filed an opposition.  The motion is before the Court upon consent of the parties pursuant to Title 28 U.S.C. § 636(c).  The matter is also set for jury trial before the undersigned Magistrate Judge for December 8, 2008.

I.      **Factual Summary**

The plaintiff, Henry Meredith ("Meredith"), was a federal inmate housed in the Federal Correctional Institution in Oakdale, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983.  Meredith filed suit against Warden John

Nowak and other unidentified defendants alleging them to have been intentionally indifferent to the the conditions of his confinement in the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana.

Meredith alleges that he was confined to a wheelchair for nine years before filing this suit, because he is paralyzed from the waist down.  He claims that, on October 29, 2005, he was sent to NCCC in St. Charles Parish as a result of Hurricanes Katrina and Rita.  While there, he was housed in a 5'x7' isolation cell.  He claims that he was unable to leave his cell for 23 hours per day.  He also complains that he did not have a handicap toilet or shower in the cell.

Meredith further states, without detail, that he was denied library access, religious activities and recreational activities at NCCC.  He also indicates that the prison did not have means for him to perform physical therapy or bars to assist in getting in and out of bed.  He further claims that the mattress was substandard and aggravated his "pressure sores."  Meredith also states that the medical unit gave him antibiotic ointment for the sores which was of little relief.

Meredith alleges that the NCCC staff advised the Bureau of Prisons and the United States Marshal's Service that the prison could not accommodate a disabled prisoner.  He further alleges that the medical staff also advised the prison administration that they were not equipped to care for his needs, including the care and cleaning of his catheter, which Meredith had to do himself.

Meredith also claims that he requested a transfer to a prison that could accommodate his medical needs to no avail.  He states that he received his federal sentence on November 9, 2005, and remained in NCCC for an additional three weeks before being sent to another facility.

Meredith contends that these conditions amounted to punishment and deliberate indifference in violation of the Constitution and the Americans With Disabilities Act.  Meredith therefore seeks

compensatory damages against the Warden and unknown individuals, punitive damages, and a trial

by jury.   He also seeks the award of attorneys fees and costs, although he is acting *pro se*.

**II.**   **Standards of Review**

    **A.**   **Appropriate Standard**

In the motion, the defendant urges that "[a] Rule 12(b)(6) Motion to Dismiss filed after an

answer is treated the same as a Rule 56 Motion for Summary Judgment."[1]   This is a thoroughly

incorrect statement of the law.   In fact, Fed. R. Civ. P. 12 itself states that a motion raising defenses

listed therein, including Rule 12(b)(6), "must be made **before** pleading if a responsive pleading is

allowed." (emphasis added).   As this matter is but weeks before trial and the responsive pleadings

have long since been filed, the defendant's Rule 12(b)(6) motion to dismiss is untimely.   *Jones v.*

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Fed. R. Civ. P. 12(c), on the other hand, states that "[a]fter the pleadings are closed - but

early enough not to delay trial - a party may move for judgment on the pleadings."   Warden Nowak

has not filed a motion for judgment on the pleadings nor has he invoked Rule 12(c).   However, the

Court is to consider an untimely Rule 12(b)(6) motion as one for judgment on the pleadings under

Fed. R. Civ. P. 12(c).   *Jones*, 188 F.3d at 324; Fed. R. Civ. P. 12(h)(2)(B); *see also*, *Quality Infusion*

*Care Inc. v. Humana Health Plan of Texas, Inc.*, Nos. 07-20703, 07-20887, 2008 WL 3471861 (5th

Cir. Aug. 13, 2008).   The Court will therefore consider Warden Nowak's motion accordingly.

The defendant also suggests that the motion should be addressed as one seeking summary

judgment under Fed. R. Civ. P. 56.   According to Fed. R. Civ. P. 12(d), when a motion under Rule

12(b)(6) or Rule 12(c) presents matters outside of the pleadings, the motion must be treated as one

---

[1]Rec. Doc. No. 36-2, p. 1.

seeking summary judgment under Rule 56.  The defendant has not raised any matters outside of the pleadings in support of the instant motion.  There are no affidavits, no exhibits, and no statement of uncontested facts.  There is, therefore, no legal basis to address the motion under the summary judgment standards of Fed. R. Civ. P. 56.

### B.     Standard for Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings

The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).  Thus, a motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.  *Great Plains Trust Co.*, 313 F.3d at 313 (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)).  The query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir.2000)).

The Court can dismiss a claim under Fed. R. Civ. P. 12(c) when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Jones*, 188 F.3d at 324 (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)).  In considering the motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain.  *Hughes*, 278 F.3d at 420 (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998)).  "In

analyzing the complaint, we will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)).

The Court will not, however, accept as true conclusory allegations or unwarranted deductions of fact. *Great Plains Trust Co.*, 313 F.3d at 312-13 (citing *Collins*, 224 F.3d at 498). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones*, 188 F.3d at 324 (citations omitted).

III.   **Analysis**

A.     **Americans with Disabilities Act**

Meredith alleges that the denial of appropriate accommodations for him, a wheelchair-bound paraplegic, violated the provisions of the Americans with Disabilities Act ("ADA"). He specifically discusses the small size of his cell, the lack of a handicap toilet and shower, and the inadequate mattress which allegedly aggravated his pressure points. He also complains that there were no accommodations for therapy or bars to assist him in and out of bed. Though he concedes that the prison staff made efforts to have him moved to a facility that could accommodate him, he seeks damages under the Americans with Disabilities Act in addition to the Eighth Amendment of the U.S. Constitution, which will be addressed separately.

In *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 209-10 (1998), the United States Supreme Court recognized that state prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which prohibits discrimination by public

entities.[2]  Thus, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  *See* 42 U.S.C. § 12132.

Generally, a plaintiff proceeding under Title II must show that he is a qualified individual who, because of a disability, has been denied the opportunity to participate in or to obtain the benefits of services, programs, or activities offered by a public entity.  *Moore v. Prison Health Servs., Inc.*, 24 F. Supp. 2d 1164, 1167 (D. Kan. 1998) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)), *aff'd*, 201 F.3d 448, No. 98-3310, 1999 WL 1079848 (10th Cir. Dec. 1, 1999) (Table, Text in Westlaw).  Title II "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities."  *Moore*, 201 F.3d at 448.

In the instant case, Meredith alleges that he was limited in major life activities as a result of his long term paralysis below the waist and confinement to a wheelchair.  This would appear to limit his major life activities as described in *Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998), such as walking.[3]  Meredith claims that he was deprived of physical therapy and railings to assist him in his small cell.  These deprivations would qualify as protected under the ADA.  *Cf. Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996); *Moore*, 24 F. Supp. 2d at 1167.

However, insofar as he raises this claim against Warden Nowak individually,  Meredith is not entitled to relief.  Title II of the ADA which is applicable to a "public entity" does not include

---

[2]The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such impairment."  *See* 42 U.S.C. § 12102(2).  Major life activities "include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  *Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998) (quotations omitted).

[3]*See* footnote 8, *supra*.

individuals.[4] 42 U.S.C. § 12131; *Berthelot v. Stadler*, No. 99-2009, 2000 WL 1568224 at *2 (E.D. La. Oct. 19, 2000) (McNamara, C.J.).  The Court cannot read a remedy into an act which the act does not clearly proscribe.  *Id.*, at *2 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979)).  Therefore, the ADA claims asserted against Warden Nowak must be dismissed pursuant to Fed. R. Civ. P. 12(c), as Meredith could present no facts which would entitle him to relief.

To the extent Meredith alleges that he was deprived access to participation and benefits to programs as a result of his paralysis, his claim also must fail.  The Rehabilitation Act prohibits discrimination against a qualified individual on the basis of a disability from participation in or the benefits of a program or activity which receive federal financial assistance.  29 U.S.C. § 794(a); *Chandler v. City of Dallas*, 2 F.3d 1385, 1389 (5th Cir. 1993); *Chiari v. City of League City*, 920 F.2d 311, 315 (5th Cir. 1991).  In order to prove a prima facie case of discrimination under the Rehabilitation Act, the plaintiff must prove: (1) he was a qualified individual with a disability; (2) the program or facility received federal funding; and (3) he was adversely treated solely as a result of the disability.  *Chandler*, 2 F.3d at 1390.

Although Meredith was a federal prisoner, temporarily relocated to NCCC because of Hurricanes Katrina and Rita, he has not alleged that the prison received federal funding in support of a therapy program at the prison.  In fact, Meredith concedes in his complaint that the facility had no such program and notified him and other authorities that they had no accommodations for

---

[4]*See Alsobrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc), *cert. dism.*, 120 S.Ct. 1265 (2000); *Lewis v. New Mexico Dept. of Health*, 94 F. Supp. 2d 1217, 1230 (D.N.M. 2000); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000); *Yesky v. Pennsylvania Dept. of Corr.*, 76 F. Supp. 2d 572, 575 (M.D. Pa. 1999).

handicapped inmates.  Meredith has failed to allege a critical element of a Rehabilitation Act claim and is not entitled to relief thereunder.

Furthermore, even if he had stated a claim, Meredith could not pursue this claim against Warden Nowak in his individual capacity. *Berthelot*, 2000 WL 1568224, at *2-3.  In addressing this issue, the *Berthelot* Court found that the Rehabilitation Act did not allow for a remedy against individual defendants since those defendants were not the recipients of the federal funding. *Id.*  For these reasons, any claims pursuant to the Rehabilitation Act must be dismissed.  Accepting Meredith's factual allegations as true, the Court can find no basis for relief under either the ADA or the Rehabilitation Act against Warden Nowak.

###    B.    Eighth Amendment and Supervisory Liability

The Eighth Amendment's mandate against "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  The same standards apply whether the inmate is a pretrial detainee or convicted. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 644 (5th Cir. 1996).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In order to establish a violation of the Eighth Amendment resulting from the inadequate conditions of confinement, Meredith must establish that Warden Nowak was personally involved in the alleged wrongs.  A state actor may be liable under § 1983 for a constitutional violation only

if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). An official is deliberately indifferent to an inmate's safety or needs in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle*, 429 U.S. at 104.

Thus, a supervisory official, like Warden Nowak, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Supervisory liability may exist, however, "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987). A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Meredith has made no such allegations against Warden Nowak. Meredith has not alleged that Warden Nowak promulgated any policy or made any decisions which were designed to impact the conditions of his confinement. Instead, unidentified prison officials apparently attempted to have Meredith transferred to an appropriate facility, which was eventually accomplished. Also, accepting

his claims as true, Meredith does not allege in any way that Warden Nowak was aware of the conditions of his confinement or that he was personally indifferent to Meredith's needs. Accordingly,

    **IT IS ORDERED** that Warden Nowak's **Motion to Dismiss Complaint for Failure to State a Claim on Which Relief may be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, Motion for Summary Judgment (Rec. Doc. No. 36)**, construed as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), is **GRANTED** and the plaintiff's claims against him are **DISMISSED WITH PREJUDICE**, with judgment to be entered accordingly.

    New Orleans, Louisiana, this 31st day of October 2008.

                          _____
                              **KAREN WELLS ROBY**
                     **UNITED STATES MAGISTRATE JUDGE**